**KEMMERER BOTTLING GROUP, INC., Plaintiff,**

**v.**

**CENTRAL TRUCK PARTS COMPANY and Zdzislaw Belkowski, Defendants.**

**No. 88 C 2578.**

United States District Court, N.D. Illinois, E.D.

May 17, 1989.

Sheldon Davidson, Donald J. Moran, Pedersen & Houpt, P.C., Chicago, Ill., for plaintiff.

Nathan Diamond–Falk and Ronald H. Balson, Law Offices of Ronald H. Balson, P.C., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

William Taylor pled guilty to one count of mail fraud and one count of income tax evasion pursuant to a plea agreement in which he admitted participating in a scheme with Central Truck Parts Company to defraud the company by whom he was employed as a stockman. In this civil case the plaintiff's counsel has sought to depose Taylor about those transactions and he has invoked the privilege against self-incrimination. Plaintiff now seeks to compel Taylor's testimony.

Plaintiff quite rightly points out that the conviction immunizes Taylor from further prosecution for the offenses of which he was charged and he therefore has, at least to that extent, lost the privi-

lege. *United States v. Fleming,* 504 F.2d 1045, 1050 (7th Cir.1974). *United States v. Hoffman,* 385 F.2d 501, 504 (7th Cir.1967), *cert. denied,* 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288 (1968). There remains, however, the possibility of prosecution for other offenses either in state or federal court, and to that extent the privilege remains. *In re Folding Carton Antitrust Litigation,* 609 F.2d 867 (7th Cir.1979); *United States v. Chase,* 281 F.2d 225, 229 (7th Cir.1960). The possibility of self-incrimination in the "lost privilege" cases is often not discussed, perhaps because of prior obtained immunity from state prosecution as in *Fleming* or because of *Kastigar* immunity, or because the witness testified in part and then stopped or because the matter was never raised. We cannot say here that Taylor does not face possible subsequent prosecution, even though it is unlikely, and we therefore deny the motion.

The "lost privilege" concept derives from the conviction, whether or not the witness has ever previously testified. Perhaps there is a waiver here by the plea agreement and Taylor's description under oath of his involvement at the time the plea was accepted, *see Rogers v. United States,* 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951), although *United States v. Miranti,* 253 F.2d 135 (2d Cir.1958) and *Chase* indicate there is not. Plaintiff has not, however, discussed that approach and we do not explore it further.